Michael T. Hopkins (WI SBN: 1014792)
mth@ip-lit.us
IP-Litigation.US, LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202
Tel/Fax: 888-227-1655
appearing *pro hac vice*
           and
Sharon J. Adams (State Bar No. 154929)
sjadams@adamslaw.biz
Adams Law Office
2140 Shattuck Avenue, Suite 207
Berkley, CA 94704
Tel/Fax: 510-649-1331

Attorneys for Plaintiff, Stellar Records, LLC

Boanerge Mendez, Defendant *pro se*
960 Torero Plaza
Campbell, CA 95008
Email: bomendez05@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stellar Records, LLC, | Case Number: 5:17-cv-4423-BLF |
| Plaintiff(s), | PLAINTIFF'S CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |
| vs. | |
| Boanerge Mendez, | |
| Defendant(s). | |

THE PLAINTIFF, Stellar Records, LLC, by its attorney, Michael T. Hopkins, submits this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing

Order for All Judges of the Northern District of California dated January 17, 2017 and Civil Local Rule 16-9.

1. Jurisdiction & Service

This claim is brought pursuant to 17 U.S.C. §501 *et. seq.* (hereinafter referred to as the U.S. Copyright Act). Subject matter jurisdiction is vested in the Court pursuant to 28 U.S.C. §§1331 and 1338, as this claim arises under the laws of the United States. No issues regarding personal jurisdiction exist. The Defendant resides in this District, and he was personally served in this District with the Summons and Complaint on August 28, 2017 (dkt. 6).

2. Facts

Stellar Records, LLC owns approximately 950 copyrights for karaoke sound recordings. Stellar has alleged that Mr. Mendez, through various websites and on-line ads, has sold one or more external computer hard drives containing illicit copies of 380 of Stellar's copyright protected recordings. Stellar commenced this suit against Mr. Mendez for copyright infringement. Mr. Mendez is appearing pro se, and has filed an answer denying the allegations of every paragraph of Stellar's complaint, based upon a lack of information or knowledge.

3. Legal Issues

Plaintiff is unaware of any *disputed* points of law at this time.

4. Motions

Plaintiff previously filed a Motion to admit Attorney Michael T. Hopkins *pro hac vice* (dkt. 3), which was granted by Magistrate Judge Lloyd on August 8, 2017 (dkt. 7). No other motions have been filed, or are pending. After completion of initial discovery, Stellar Records anticipates filing a Motion for Partial Summary Judgment on the issue of liability.

5. Amendment of Pleadings

Plaintiff anticipates that an amendment of pleadings may be required after an initial round of discovery is completed, and requests until April 15, 2018 to do so without further leave of Court.

6. Evidence Preservation

Counsel for Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and has provided a copy of those Guidelines to Mr. Mendez. After suit was commenced, Mr. Mendez closed PayPal and email accounts which he used to facilitate the sale of the hard drives containing the recordings at issue. At this time, it is unclear whether and to what extent these records will be recoverable. Mr. Mendez has indicated he subsequently received sales records from PayPal, which have not yet been produced to Plaintiff. Counsel for Plaintiff and Mr. Mendez telephonically conferred on November 14, 2017, pursuant to Fed. R. Civ. P. 26(f), regarding, inter alia, reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures

Plaintiff served Rule 26(a) Initial Disclosures on Defendant via U.S. Mail on November 7, 2017. Plaintiff identified four (4) key witnesses and summarized the relevant information they will provide to prove Plaintiff's infringement claims. Plaintiff also itemized eighteen (18) separate categories of evidence in support of its claims. The evidence in twelve (12) categories has already been produced. The custodians of the remaining six (6) categories of evidence have been identified.

Defendant has not yet served Rule 26(a) Initial Disclosures.

8. Discovery

(a) Discovery to date. In an attempt to reach a compromise resolution of this case, Defendant voluntarily produced certain financial records, including a 2016 federal tax return, bank statements, and payroll stubs. Plaintiff has produced the evidentiary materials attached to its complaint as Exhibits A through L, and has made the remaining categories of materials identified in its *Initial Disclosures* available for production.

Plaintiff served a *First Set of Written Interrogatories* and *First Requests for Production of Documents* upon Mr. Mendez, via U.S. mail, on November 25, 2017. Plaintiff issued a subpoena duces tecum upon PayPal on November 27, 2017, to obtain records related to Mr. Mendez's sale of the allegedly illicit sound recordings.

(b) Anticipated discovery. Factually, the scope of Mr. Mendez's allegedly infringing sales of copyright protected sound recordings, and the gross sales derived therefrom, is unknown. Discovery will be required on the issues of liability and damages. Plaintiff anticipates having to

conduct one to three discovery depositions, and possibly serve an additional two to three subpoenas duces tecum on third parties, such as Google and various internet service providers utilized by Mr. Mendez in the sale of sound recordings.

The scope of discovery to be undertaken by Defendant is unknown to Plaintiff.

(c) <u>Rule modification and E-discovery order</u>. Plaintiff does not anticipate the need to limit or modify the discovery rules. No economies will be realized by conducting discovery in phases. An e-discovery order is not necessary, as Mr. Mendez closed the PayPal and email accounts utilized by him in the sale of hard drives. Relevant e-discovery will most likely have to be obtained directly from the service/account providers.

(d) <u>Discovery disputes</u>. There are no discovery disputes pending.

(e) <u>Privilege</u>. Plaintiff does not anticipate any issues arising regarding privilege or the protection of trial preparation materials.

(f). <u>Scheduling</u>. See section 17, infra.

9. <u>Class Actions</u>

Not applicable.

10. <u>Related Cases</u>

There are no related cases.

11. <u>Relief</u>

Plaintiff has alleged Mr. Mendez infringed 380 of its copyrights in karaoke sound recordings. Pursuant to 17 U.S.C. §504, Stellar is entitled to recover its actual damages and Mr. Mendez's profits arising from said infringement, to the extent there is no duplication, **or**

statutory damages.

Stellar cannot at this time compute its actual damages or Mr. Mendez's profits, as it is currently unaware of the number of copies of each copyright protected recording sold by Mr. Mendez, his cost of production, or gross sales. This deficiency will hopefully be corrected as discovery continues.

Stellar Records maintains and alleges that Mr. Mendez is guilty of willful copyright infringement. As such, it is entitled, at its discretion, to an award of statutory damages in an amount of $750.00 to $150,000.00, per work infringed. This would equate to an award of statutory damages in the range of $285,000.00 to $57,000,000.00 for infringement of the 380 sound recordings at issue, to be determined by a jury.

Stellar Records will also be requesting that it recover its actual attorney fees and costs in maintaining this action, pursuant to 17 U.S.C. §505. Any such award, and the amount thereof, is determined by the Court, in its discretion, usually employing the Load Star method of analysis. Stellar estimates that its fees and costs exceed $13,000.00 at this time, and could easily exceed $300,000.00 through trial.

Finally, Plaintiff is requesting permanent injunctive relief, barring any further infringement of its copyrights by Defendant.

12. Settlement and ADR

The parties have agreed and requested to engage in a Settlement Conference with a Magistrate Judge.

13. Consent to Magistrate Judge For All Purposes

All parties *have not* consented to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

14. Other References

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

Plaintiff anticipates moving for partial summary judgment on the issue of liability, so as to narrow the issues remaining for trial. After discovery is concluded, certain addition facts may not be in dispute relative to damages, such as the number of copies of Plaintiff's copyright protected sound recordings sold by Defendant, and the gross revenue derived from said sales.

16. Expedited Trial Procedure

This is case is not amenable to be handled under the Expedited Trial Procedure of General Order 64, Attachment A. Plaintiff will require discovery from commercial third parties, such as PayPal and Google, and possibly other ISPs. While the scope of this discovery is not fully appreciated at this time, it is unlikely it can be accomplished in an expedited manner. Additionally, the limitations imposed by the expedited trial procedure concerning the scope of available discovery will prejudice Plaintiff's trial preparation.

17. Scheduling

| Event | Proposed date |
|---|---|
| Defendant's Rule 26(a) initial disclosures | February 8, 2018 |
| Joinder/Amendment to pleadings | April 15, 2018 |
| Disclosure of experts' reports for issues on which a party bears the burden of proof | June 15, 2018 |
| Disclosure of responsive experts' reports | August 1, 2018 |
| Disclosure of rebuttal experts' reports | September 1, 2018 |
| Discovery Cut-off (written discovery must be served so that responses are due on or before cut-off date) | October 1, 2018 |
| Filing of Dispositive Motions | November 1, 2018 |
| Final pretrial conference | TBD by Court |
| Trial | TBD by Court |

18. Trial

Plaintiff has requested a jury trial, which is anticipated to last 2 to 3 days.

19. Disclosure of Non-party Interested Entities or Persons

Plaintiff filed a Civil Local Rule 3-15 "Certification of Interested Entities or Persons" on August 9, 2017 (dkt. 8), which provided:

*The SamZaBeth-Grace Irrevocable Trust Dated July 10, 2017*, a privately-owned family trust domiciled in the State of Massachusetts, owns the entire membership interest in Stellar Records, LLC, a Wisconsin limited liability company, and as such has a potential

financial interest in the outcome of this litigation.

20. Professional Conduct

Counsel for Plaintiff has reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

Pursuant to Civil L.R. 16-9(a), attached hereto as Exhibit A is a Declaration of counsel, detailing the parties' efforts to agree to the content of a joint CMS. Mr. Mendez was fully cooperative in this effort.

Dated this 27th day of November, 2017.

                                          /s/ Michael T. Hopkins
Michael T. Hopkins (LEAD COUNSEL)
Appearing *pro hac vice*
WBN: 1014792
email: mth@ip-lit.us

IP-Litigation.US, LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202

Tel/Fax: (888) 227-1655

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE

Michael T. Hopkins (WI SBN: 1014792)
mth@ip-lit.us
IP-Litigation.US, LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202
Tel/Fax: 888-227-1655
appearing *pro hac vice*
    and
Sharon J. Adams (State Bar No. 154929)
sjadams@adamslaw.biz
Adams Law Office
2140 Shattuck Avenue, Suite 207
Berkley, CA 94704
Tel/Fax: 510-649-1331

Attorneys for Plaintiff, Stellar Records, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**San Jose Division**

| | |
|---|---|
| STELLAR RECORDS, LLC, | Case No. 5:17-cv-4423-BLF |
| Plaintiff, | |
| vs. | ***DECLARATION OF MICHAEL T. HOPKINS CONCERNING PREPARATION OF THE CASE MANAGEMENT STATEMENT*** |
| BOANERGE MENDEZ, | |
| Defendant. | |

MICHAEL T. HOPKINS, under penalty of perjury, deposes and states to the Court as follows:

1. I am counsel of record for Plaintiff in the above matter and make this Declaration based upon information and facts known to me personally to be true.

2. On November 8, 2017, Declarant prepared a draft Joint Case Management Statement and forwarded it to Mr. Mendez, via email.

3. After additional email communications, the undersigned and Mr. Mendez scheduled a telephone conference for November 14, 2017, to discuss the contents of the draft CMS. The telephone conference lasted approximately 30 minutes, during which the undersigned and Mr. Mendez discussed each section of the CMS.

4. On the evening of November 14, 2017, following the telephone conference, Mr. Mendez forwarded an email to Declarant, requesting additions and modifications to the draft CMS.

5. On November 15, 2017, Declarant made certain of Mr. Mendez's requested additions/modifications to the draft CMS, and returned it to him with an explanatory email.

6. Between November 16 and 21, 2017, Declarant and Mr. Mendez had several email communications, wherein Mr. Mendez indicated he was going to meet with counsel to review the draft CMS.

7. On November 22, 2017, Mr. Mendez advised he would be more comfortable filing the CMS closer to the time of the Case Management Conference, and that we should file separate CMSs.

8. Mr. Mendez was fully cooperative in reviewing and commenting upon the draft Joint CMS.

I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

Dated this 27th day of November, 2017.

        /s/ Michael T. Hopkins
Michael T. Hopkins (LEAD COUNSEL)
Appearing *pro hac vice*
WBN: 1014792
email: mth@ip-lit.us

IP-Litigation.US, LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202

Tel/Fax: (888) 227-1655

Michael T. Hopkins (WI SBN: 1014792)
mth@ip-lit.us
IP-Litigation.US, LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202
Tel/Fax: 888-227-1655
appearing *pro hac vice*
and
Sharon J. Adams (State Bar No. 154929)
sjadams@adamslaw.biz
Adams Law Office
2140 Shattuck Avenue, Suite 207
Berkley, CA 94704
Tel/Fax: 510-649-1331

Attorneys for Plaintiff, Stellar Records, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**San Jose Division**

| | |
|---|---|
| STELLAR RECORDS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BOANERGE MENDEZ, <br><br> Defendant. | Case No. 5:17-cv-4423-BLF <br><br> ***CERTIFICATE OF SERVICE*** |

On the 27th day of November, 2017, the undersigned served a copy of *Plaintiff's Case Management Statement and [Proposed] Order* upon the Defendant, Boanerge Mendez, by mailing a copy thereof, with this *Certificate of Service,* via U.S. Mail, First Class postage prepaid, addressed as follows:

>Boanerge Mendez
>960 Torero Plaza
>Campbell, CA 95008

Dated November 27, 2017.

        /s/ Michael T. Hopkins    .
Michael T. Hopkins (LEAD COUNSEL)
Appearing *pro hac vice*
WBN: 1014792
email: mth@ip-lit.us

IP-Litigation.US, LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202

Tel/Fax: (888) 227-1655

Counsel for Plaintiff